AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
District of Montana

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

a Motorola phone, a BLU View 5 Pro, and two iPhones
located in Osiel Pena's vehcile on November 20, 2025.

)
)
)
)
)
)
)

Case No.  MJ 26- 4 -M-KLD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, for description of the item to be searched, which is incorporated herein by reference.

located in the _____ District of _____ Montana _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B for a list of items to be searched for and seized, which is incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute controlled substances |
| 21 USC 841(a)(1) | Possession with intent to distribute controlled substances |

The application is based on these facts:

The accompanying affidavit is incorporated as if fully restated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Mike Sunderland – FBI TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 13, 2026

_____
*Judge's signature*

City and state:  Missoula, Montana

Kathleen L. DeSoto
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

IN THE MATTER OF THE
SEARCH OF:

- Motorola XT2413V, IMEI 359643652436357;
- iPhone (1), unknown model or IMEI;
- BLU View 5 Pro, IMEI 359979712193848;
- iPhone (2) unknown model or IMEI;

located in Osiel Pena's vehicle on November 20, 2025.

MJ 25- 26- 4 -M-KLD

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Mike Sunderland, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      Detective Mike Sunderland has been in Law Enforcement for over 25 years. During that time Detective Sunderland was a Reserve Deputy/Officer for 18 of those years and worked both misdemeanor and felony crimes. Detective Sunderland has been employed with the Missoula County Sheriff's Office since December of 2015, with a brief 6-month hiatus with the Ravalli County Sheriff's Office where he was appointed as the Detective Lieutenant and in charge of the investigation for the agency. In March of 2025, Detective Sunderland was assigned to the FBI led Montana Regional Violent

Crime Task Force as a Task Force Officer. Detective Sunderland attended and successfully graduated from the Montana Law Enforcement Academy and holds a Basic, Intermediate and Advance POST certificate. Detective Sunderland has hundreds of hours of training both in-service and POST accredited classes which involved investigations into crimes against persons, drug related crimes, property crimes and evidence collection.

2.     I am assigned to the case summarized in this affidavit, and the information contained in this affidavit is based on my own observation, training, and experience, and, where noted, information provided to me by other law enforcement officers. I have not included all the facts known to me, but rather only those facts necessary to establish probable cause.

3.     This affidavit is in support of a search warrant application for the cell phone of Osiel Pena relating to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Controlled Substances in violation of 21 c 841(a)(1).

## PROPERTY TO BE SEARCHED

4.     This affidavit is made in support of an application for a search warrant to search the following electronic media:

- ☐ A Motorola phone, two iPhones, and a Blu phone located in Osiel Pena's vehicle on November 20, 2025.

**PROBABLE CAUSE**

1.  In January 2025, the Montana Violent Crime Task Force (MRVCTF) was provided an on-line tip provided by an anonymous person though the Missoula Police Department's Help Fight Drug Trafficking that stated Ashley Denny and her boyfriend "OZ" were distributing illegal drugs in the Missoula community and OZ was bringing the illegal drugs to Missoula from California. The tip stated Denny was living at 520 Garnet Court, Missoula, Montana.

2.  At the end of July 2025, a cooperating source (CS) provided information about Denny and OZ. The CS stated Oz also is known by the street moniker "Dinero." The CS estimated that they had over 30 transactions with Dinero where Dinero provided the CS with one to two pounds of methamphetamine and two to four ounces of cocaine per transaction. The CS stated they would contact Oz via a telephone number that was provided to them from Ashley Denny which typically was a different cellular number each time.

3.

4.  In November 2025, the CS assisted MRVCTF to set up a transaction with Dinero. Through both physical and electronic surveillance, MRVCTF Task Force Officer (TFO) Mike Sunderland saw Dinero pick up a bag and an unknown male from the apartment he was staying at 2150 Chuckwagon #B. Dinero walked from the apartment with the bag and placed that bag in the rear portion of the red Subaru he was driving. The

unknown male got into the passenger's seat.

5.    TFO Sunderland watched Dinero drive from the Chuckwagon address directly to Old Chicago Restaurant at 3630 North Reserve in Missoula. Dinero pulled into the east parking lot (rear) of Old Chicago and parked.

6.    After Dinero's arrival at Old Chicago, he and his passenger were stopped, detained, and then subsequently arrested after a search of the red Subaru revealed 514 grams of cocaine, 460 grams of methamphetamine, US Currency, and four cellular devices. Two cellular devices were located between the driver's seat and the center console, and the other two phones were in the driver's door pocket. All four cellular devises were seized pending a future search warrant.

7.    Based on my training and experience, I know that drug dealers and those who engage in drug related crimes use their phones to perpetuate their criminal activity, especially if those individuals are travelling out of state to purchase drugs for redistribution. These text messages and communications remain on a phone unless deleted by the user. Additionally, I know through my training and experience that drug dealers use their phones to coordinate drug deals, meetings, distribution of drugs to others, and to aid in the acquisition of firearms and ammunition for protection during the commission of these crimes. When committing these crimes, including violent crimes,

individuals carry their phones with them, meaning the location of the user can be identified based on the phone.

## TECHNICAL TERMS

a.    Based on my training and experience, I use the following technical terms to convey the following meanings: wireless telephone, cellular phone, or smartphone. A wireless telephone (or smartphone, mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet using a browser or other applications. Wireless telephones may also include Global Positioning System ("GPS") technology for

determining location of the device.

b.     Based on my training, experience, and research, I know that the device listed in Attachment A, has capabilities that allows it to serve as wireless telephone or smartphone, digital camera, portable media player, GPS navigation device, and a file storage device. In my training and experience, examining data stored on a cellular device can uncover, among other things, evidence that reveals or suggests who possessed the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

c.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the devices. This information can sometimes be recovered with forensic tools even if the information is deleted.

d.     Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic evidence is on the device listed in Attachment A, because:

e.     Data on storage medium can provide evidence of a file that was once on

the storage medium, but has since been deleted or edited, or of a deleted portion of a file.

f.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

g.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

h.    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

i.    Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish

that a particular thing is not present on a storage medium.

## CONCLUSION

8.      Based on the forgoing, I believe there is probable cause to conclude Pena's cell phones described above contain evidence of federal crimes, including, but not limited to, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 846, and Possession with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 841(a)(1).

9.      It is my belief that there is probable cause to believe that a search of the items described in Attachment A will provide evidence of the above crimes, including, but not limited to, location information and records or communications involved in the commission of the above crimes, as provided in Attachment B.

Respectfully submitted,

Mike Sunderland
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED and SWORN to me on this ___13th___ day of January, 2025.

Kathleen L. DeSoto

United States Magistrate Judge